FILED
2017 Jul-20  PM 04:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

| State of Alabama | SUMMONS | Case Number: |
|---|---|---|
| Unified Judicial System | - CIVIL - | 11-CV-2016-900622.00 |
| Form C-34  Rev 6/88 | | |

## IN THE CIRCUIT COURT OF CALHOUN COUNTY
### SAMUEL KEITH FULLER ET AL V. ALABAMA DEPARTMENT OF TRANSPORTATION

ALABAMA DEPARTMENT OF TRANSPORTATION, JOHN R. COOPER 1409 COLISEUM BOULEVARD, MONTGOMERY, AL 36110

NOTICE TO

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY THOMAS JAMES KNIGHT

WHOSE ADDRESS IS 1125 NOBLE STREET, ANNISTON, AL 36201

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☑ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☐ Service by certified mail of this summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure

Date   12/15/2016 4:34:11 PM          /s/ KIM MCCARSON

Clerk/Register

25 WEST 11TH STREET

ANNISTON, AL 36201

☐ Certified Mail is hereby requested   _____
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
(Date)

_____          _____          _____
Date                      Server's Signature         Address of Server

_____          _____          _____
Type of Server            Server's Printed Name

_____
Phone Number of Server

EXHIBIT 1
PAGE 1 OF 6

ELECTRONICALLY FILED
12/15/2016 4:33 PM
11-CV-2016-900622.00

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca<br>11<br><br>Date of Filing:<br>12/15/2016 | CIRCUIT COURT OF<br>CALHOUN COUNTY, ALABAMA<br>KIM MCCARSON, CLERK<br>Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA
### SAMUEL KEITH FULLER ET AL v. ALABAMA DEPARTMENT OF TRANSPORTATION

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☐ Business  ☐ Individual  ☑ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☑ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING        A ☐ APPEAL FROM DISTRICT COURT        O ☐ OTHER

R ☐ REMANDED        T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☐ YES  ☑ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
KNI009

12/15/2016 4:33:50 PM
Date

/s/ THOMAS JAMES KNIGHT
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES  ☑ NO   ☐ UNDECIDED

EXHIBIT 1
PAGE 2 OF 6

ELECTRONICALLY FILED
12/15/2016 4:33 PM
11-CV-2016-900622.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY ALABAMA

SAMUEL KEITH                                )
FULLER individually and as                  )
 executor of the ESTATE OF                   )
JAMES R. FULLER, deceased,                   )
JOHN RICHARD PATTY,                          )
SHOTGUN SPORTS SUPPLY CO.                    )
INC., LAWANNA WADE AND                       )
JERRI BURGESS D/B/A THE                      )
ANNISTON SALON CENTER,                       )
DAVID KING D/B/A DAVID KING                  )
AUTOMOTIVE, CALVIN L. JONES                  )
D/B/A C&C SMALL ENGINES,                     )
 SANDRA GRIMES D/B/A                         )
J&S BOOTS, LINDA                             )
CROSSON D/B/A THE LAUNDRY                    )
BASKET,                                      )
                                            )
        Plaintiffs,                          )
v.                                           )          CASE NUMBER: CV-2016-_____
                                            )
                                            )
ALABAMA DEPARTMENT                           )
OF TRANSPORTATION, by and                    )
through the DIRECTOR OF THE                  )
ALABAMA DEPARTMENT OF                        )
TRANSPORTATION, JOHN R.                      )
COOPER, A, B, C, and D, whose                )
true names are otherwise                     )
unknown to Plaintiffs, but will be           )
added by amendment when                      )
correctly ascertained.                       )
                                            )
        Defendants.                          )

## COMPLAINT

**NOW COME** the Plaintiffs  Samuel Keith Fuller individually and as executor of

the Estate of James R. Fuller, deceased, John Richard Patty, Shotgun Sports Supply

Company, Inc., Lawanna Wade and Jerri Burgess d/b/a/ the Anniston Salon Center,

David King d/b/a David King Automotive, Calvin Jones d/b/a/ C&C Small Engines,

1

EXHIBIT 1
PAGE 3 OF 6

Sandra Grimes d/b/a J&S Boots, Linda Crosson d/b/a the Laundry Basket,, and state their claims for relief against the Defendants Alabama Department of Transportation, John R. Cooper, A, B, C, and D, whose true names are otherwise unknown to Plaintiffs, but will be added by amendment when correctly ascertained as follows:

1.     This Court has jurisdiction of this civil action in that it involves damage to real property and businesses located in Calhoun County Alabama, that the Plaintiffs are Alabama businesses and property owners who have suffered damage to their business and property in Calhoun County, Alabama, and in that the Defendants have committed acts and omissions which make it and them liable under applicable law to the Plaintiffs which acts and omissions occurred in substantial part in Calhoun County, Alabama, and further, the amount in controversy is within the jurisdiction of this Court.

2.     The Defendant, The State of Alabama, has the power of eminent domain, which may be exercised by acts of the Defendant, John R. Cooper, in his capacity as director of the Department of Transportation, for highway and other purposes.

3.     That Defendant caused damage and injury to Plaintiffs' properties and businesses in that the Defendant has so altered access to Plaintiffs' properties and businesses, that they are so severely limited in access to their properties that it amounts to a taking in part of the property and of the business of the Plaintiffs. Each of the Plaintiffs is an abutting owner of real property or of an interest in real property, abutting the project performed by the Defendant. The acts and omissions of the Defendant caused direct and physical injury to the Plaintiffs' said abutting property.

4.     That the Defendant caused this damage to the Plaintiffs when it was involved in rebuilding and recreating an intersection between a rerouted Highway 431,

2

EXHIBIT 1
PAGE 4 OF 6

and Highway 21 as they intersect in the central part of Calhoun County, Alabama, north of the business center in Anniston, Calhoun County, Alabama. In the case of each of the Plaintiffs, the injured property abuts the street and highway wherein the project in question took place or caused effect. The Defendant did cause such obstruction, occupation, and use of the street or highway so as to materially impair the access of these abutting owners and to destroy aspects of practical access such as to constitute a taking of private property, entitling the Plaintiff-owners to compensation.

5.       Defendant is liable to Plaintiffs for inverse condemnation, by statute and under the common law for said injuries. Further, under Article I, Section 23 of the Constitution of the State of Alabama, the Defendant is liable to the Plaintiffs in that the said Constitutional provision specifies: "private property shall not be taken for, or applied to public use, unless just compensation be first made therefor" and " just compensation shall, in all cases, be first made to the owner".

6.       As a proximate result and consequence, of the acts and omissions of the Defendants, the Plaintiffs suffered damage to their property and to their businesses, which shall be proven at trial. Defendant also owes to Plaintiffs certain relocation expenses under applicable law that Defendant has failed to pay and for which, Plaintiffs make claim herein.

7.       Plaintiffs have been forced to commence this action since Defendant did not commence a condemnation action against Plaintiffs to take the rights, properties, and interest in property, and to compensate the Plaintiffs for the damages, which Plaintiffs were to suffer and as a result, the Plaintiffs have been compelled by these circumstances to retain the undersigned attorney at law to protect their interests and to

3

EXHIBIT 1
PAGE 5 OF 6

bring an action as allowed by law. Plaintiffs are entitled to their litigation expenses including attorneys fees, expert fees, deposition costs, court costs, and other normal and reasonable litigation expenses as contemplated by Alabama Code, Section 18-1A-32(b) and otherwise under law.

**WHEREFORE,** Plaintiffs pray and demand judgment against Defendant in such sums of compensatory damages as will fairly and adequately compensate the Plaintiffs for the damages and losses suffered and in addition thereto, that the Court award and allow to Plaintiffs their litigation expenses including reasonable attorneys fees, other expenses of litigation such as expert and deposition fees and costs, and court costs of action.

**JURY DEMAND**

Plaintiffs demand trial by struck jury in this civil action.

> **/s/*Thomas J. Knight***
> Thomas J. Knight(KNI009)
> HUBBARD & KNIGHT
> 1125 Noble Street
> Anniston, Al 36207
> 256.237.9586
> hubbardknight@msn.com

**Serve Defendant as Follows:**
Alabama Department of Transportation
John R. Cooper
1409 Coliseum Boulevard
Montgomery, Al 36110
334.242.6776
cooperjr@dot.state.al.us

4

EXHIBIT 1
PAGE 6 OF 6



AlaFile E-Notice

11-CV-2016-900622.00

To: TRIPPE JASON ANDREW
trippej@dot.state.al.us

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

SAMUEL KEITH FULLER ET AL V. ALABAMA DEPARTMENT OF TRANSPORTATION
11-CV-2016-900622.00

The following complaint was FILED on 7/11/2017 4:37:09 PM

Notice Date:     7/11/2017 4:37:09 PM

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov

EXHIBIT 2
PAGE 1 OF 7

ELECTRONICALLY FILED
2017 4:36 PM
11-CV-2016-900622.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | |
|---|---|
| SAMUEL KEITH **)** | |
| FULLER, et al, **)** | |
| **)** | |
| **Plaintiffs,** **)** | |
| v. **)** | **CASE NUMBER: CV-2016-900622** |
| **)** | |
| ALABAMA DEPARTMENT **)** | |
| OF TRANSPORTATION, et al, **)** | |
| **)** | |
| **Defendants.** **)** | |

### AMENDMENT TO COMPLAINT

**NOW COME** the Plaintiffs and amend the complaint as set forth herein.

1.      The plaintiffs incorporate by reference each and every allegation of the Complaint as if set out herein in full.

2.      The plaintiffs amend the complaint by deleting any claims which would violate sovereign immunity as being directly against the State of Alabama or its subdivisions or divisions, including but not limited to Alabama Department of Transportation and restricts the claim to the claim expressed against the director of the Alabama Department of Transportation as allowed for inverse condemnation actions and other exceptions to immunity doctrines.

3.      The plaintiff further amends the complaint by adding as additional parties, Christian Corner Meats, LLC., Debra Smith Young, and Robert David Young, and setting forth their claims for relief as additional parties injured by the acts and omissions of the defendant director, with the claim being limited to the inverse condemnation claim heretofore expressed for the sums allowed for an unlawful taking by defendant as that term is defined in the laws and Constitution of Alabama and of the United States. These Plaintiffs incorporate by reference the allegations of the Complaint as if set out herein in

EXHIBIT 2
PAGE 2 OF 7

full and state that they have suffered the same injuries as the other Plaintiffs.

4.      This Court has jurisdiction of this civil action in that it involves damage to real property and businesses located in Calhoun County Alabama, that the Plaintiffs are Alabama businesses and property owners who have suffered damage to their business and property in Calhoun County, Alabama, and in that the Defendants have committed acts and omissions which make it and them liable under applicable law to the Plaintiffs which acts and omissions occurred in substantial part in Calhoun County, Alabama, and further, the amount in controversy is within the jurisdiction of this Court. Defendant has directly taken property of Plaintiffs, depriving Plaintiffs thereof.

5.      The Defendant John R. Cooper, acts for the State of Alabama, and as such has the power of eminent domain, which may be exercised by acts of the Defendant, John R. Cooper, in his capacity as director of the Department of Transportation, for highway and other purposes.

6.      That Defendant caused damage and injury to Plaintiffs' properties and businesses in that the Defendant has so altered access to Plaintiffs' properties and businesses, that they are so severely limited in access to their properties that it amounts to a taking in part of the property and of the business of the Plaintiffs. Each of the Plaintiffs is an abutting owner of real property or of an interest in real property, abutting the project performed by the Defendant. The acts and omissions of the Defendant caused direct and physical injury to the Plaintiffs' said abutting property. Plaintiffs each as owner of land abutting on a street or highway has a private right in such street or highway, distinct from that of the public, which cannot be taken or materially interfered with without just compensation. Access to the highway is one of these private rights and is a property right,

EXHIBIT 2
PAGE 3 OF 7

and the interference with the right of access of an abutting owner is an element of damage.

7.     The Defendant caused this damage to the Plaintiffs when it was involved in rebuilding and recreating an intersection between a rerouted Highway 431, and Highway 21 as they intersect in the central part of Calhoun County, Alabama, north of the business center in Anniston, Calhoun County, Alabama. In the case of each of the Plaintiffs, the injured property abuts the street and highway wherein the project in question took place or caused effect. The Defendant took property interests of each Plaintiff . The Defendant did cause such obstruction, occupation, and use of the street or highway so as to materially impair the access of these abutting owners and to destroy aspects of practical access such as to constitute a taking of private property, entitling the Plaintiff-owners to compensation.

8.     Defendant is liable to Plaintiffs for inverse condemnation, by statute and under the common law for said injuries. Further, under Article I, Section 23 of the Constitution of the State of Alabama, the Defendant is liable to the Plaintiffs in that the said Constitutional provision specifies: "private property shall not be taken for, or applied to public use, unless just compensation be first made therefor" and " just compensation shall, in all cases, be first made to the owner".  The Plaintiffs further make claim under the Fifth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, and further show that the Defendant, under color of state law, subjected and caused the Plaintiffs to be subjected to the deprivation of rights secured by the Constitution and is therefore liable to the Plaintiffs for redress in the form of damages. Plaintiffs show that they are also availing themselves of state remedies herein. Plaintiffs are further entitled to recover under the United States Constitution and 42 U.S.C. §1983 which

EXHIBIT 2
PAGE 4 OF 7

exists to enforce and vindicate such Constitutional rights. Just compensation must be made by individuals such as Defendant Cooper invested with the privilege of taking property for public use, when, by the construction or enlargement of "its" works, highways, or improvement, there will be occasioned some direct physical disturbance of a right, either public or private, which the owner enjoys in connection with his property, and which gives it an additional value, and that by reason of such disturbance he has sustained some special damage with respect to his property in excess of that sustained by the general public.

9.      As a proximate result and consequence of the acts and omissions of the Defendants, including those whose true names are unknown as of yet, the Plaintiffs suffered damage to their property and to their businesses, which shall be proven at trial. Defendant also owes to Plaintiffs certain relocation expenses under applicable law that Defendant has failed to pay and for which, Plaintiffs make claim herein.

10.      Plaintiffs have been forced to commence this action since Defendant did not commence a condemnation action against Plaintiffs to take the rights, properties, and interest in property, and to compensate the Plaintiffs for the damages, which Plaintiffs were to suffer and as a result, the Plaintiffs have been compelled by these circumstances to retain the undersigned attorney at law to protect their interests and to bring an action as allowed by law. Plaintiffs are entitled to their litigation expenses including attorneys fees, expert fees, deposition costs, court costs, and other normal and reasonable litigation expenses as contemplated by Alabama Code, Section 18-1A-32(b) and otherwise under law.

**WHEREFORE,** Plaintiffs amend the complaint by deleting any claims barred by sovereign immunity directly against the State of Alabama or its subdivisions or divisions, including but not limited to Alabama Department of Transportation and restricts the claim

EXHIBIT 2
PAGE 5 OF 7

to the claim expressed against the director of the Alabama Department of Transportation as allowed for inverse condemnation actions and other exceptions to immunity doctrines, and by adding as additional parties, Christian Corner Meats, LLC., Debra Smith Young, and Robert David Young, and setting forth their claims for relief as additional parties injured by the acts and omissions of the defendant director, with the claim being limited to the inverse condemnation and other claims herein and heretofore expressed for the sums allowed for an unlawful taking by defendant as that term is defined in the laws and Constitution of Alabama and of the United States.


**/s/ Thomas J. Knight**
Thomas J. Knight
Attorney for Plaintiffs

HUBBARD & KNIGHT
1125 Noble Street
Anniston, AL 36202
(256) 237-9586
hubbardknight@msn.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this, the 11th day of July, 2017, served a copy of the foregoing on all counsel of record by AlaFile or mailed a copy of the foregoing by United States Mail, postage prepaid and properly addressed to all counsel of record.

Jim R. Ippolito, Jr.
Assistant Attorney General
Chief Counsel

Jason A. Trippe
Assistant Attorney General
Assistant Counsel

EXHIBIT 2
PAGE 6 OF 7

Robert Prescott
Assistant Attorney General
Assistant Counsel

State of Alabama Department of Transportation
1409 Coliseum Boulevard, Room 147
Montgomery, Alabama 36110
Telephone: (334) 242-6350
Facsimile: (334) 264-4359
Email: ippolitoj@dot.state.al.us
Email: trippej@dot.state.al.us
Email: prescottg@dot.state.al.us

**_/s/ Thomas J. Knight_**
Thomas J. Knight
Attorney for Plaintiffs

EXHIBIT 2
PAGE 7 OF 7



AlaFile E-Notice

11-CV-2016-900622.00

Judge: BUD TURNER

To:   GEORGE ROBERT PRESCOTT JR.
prescottg@dot.state.al.us

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

SAMUEL KEITH FULLER ET AL V. ALABAMA DEPARTMENT OF TRANSPORTATION
11-CV-2016-900622.00

The following matter was FILED on 1/9/2017 1:29:49 PM

**D001 ALABAMA DEPARTMENT OF TRANSPORTATION**
MOTION TO DISMISS PURSUANT TO RULE 12(B)
[Filer: PRESCOTT GEORGE ROBERT JR]

Notice Date:      1/9/2017 1:29:49 PM

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov

EXHIBIT 3
PAGE 1 OF 16

ELECTRONICALLY FILED
1/9/2017 1:29 PM
11-CV-2016-900622.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

# STATE OF ALABAMA

Revised 3/5/08

**Unified Judicial System**

11-CALHOUN

☐ District Court ☑ Circuit Court

CV20...

**CIVIL MOTION COVER SHEET**

SAMUEL KEITH FULLER ET AL V. ALABAMA DEPARTMENT OF TRANSPORTATION

*Name of Filing Party:* D001 - ALABAMA DEPARTMENT OF TRANSPORTATION

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

GEORGE ROBERT PRESCOTT JR.

1409 COLISEUM BLVD.

MONTGOMERY, AL 36110

*Attorney Bar No.:* PRE020

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees.* | ☑ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| ☐ Local Court Costs $ 0 | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☑ | Date:<br>1/9/2017 1:25:35 PM | Signature of Attorney or Party<br>/s/ GEORGE ROBERT PRESCOTT JR. |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

EXHIBIT 3
PAGE 2 OF 16

ELECTRONICALLY FILED
7/20/2017 1:29 PM
11-CV-2016-900622.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT
## OF CALHOUN COUNTY, ALABAMA

| | | |
|---|---|---|
| **SAMUEL KEITH FULLER**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: CV-2016-900622** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **TRANSPORTATION**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANTS ALABAMA DEPARTMENT OF TRANSPORTATION
### and JOHN R COOPER'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) and 12(b)(6) of the Alabama Rules of Civil Procedure, Defendants Alabama Department of Transportation ("ALDOT") and John R. Cooper, in his capacity as Director of the Department of Transportation, moves the Court to enter an order dismissing, with prejudice, this action for the following reasons:

1.    The doctrine of sovereign immunity under Article I, Section 14 of the Alabama Constitution of 1901 bars this action.

2.    The Complaint fails to state a claim upon which relief can be granted.

Contemporaneously with the submission of this motion, ALDOT submits its Brief in Support of the Motion to Dismiss.

WHEREFORE, for the reasons stated, ALDOT moves the Court to dismiss this matter with prejudice.

RESPECTFULLY SUBMITTED,

LUTHER STRANGE
Attorney General

State of Alabama
Office of the Attorney General
501 Washington Avenue

EXHIBIT 3
PAGE 3 OF 16

Montgomery, Alabama  36104
Telephone:  (334) 242-7300

s/ Jim R. Ippolito, Jr.
Jim R. Ippolito, Jr. (IPP001)
Assistant Attorney General
Chief Counsel

s/ Jason S. Trippe
Jason A. Trippe (TRI012)
Assistant Attorney General
Assistant Counsel

s/ Robert Prescott
Robert Prescott (PRE020)
Assistant Attorney General
Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard, Room 147
Montgomery, Alabama  36110
Telephone:  (334) 242-6350
Facsimile:  (334) 264-4359
Email: trippej@dot.state.al.us
Email: prescottg@dot.state.al.us

2

EXHIBIT 3
PAGE 4 OF 16

## CERTIFICATE OF SERVICE

I hereby certify that on this **9th** day of **January**, **2017**, I have served the foregoing using the Alafile system and upon the following by placing copies thereof, addressed as indicated below, to the last known address of the Defendant in United States Mail, First Class postage prepaid:

Mr. Thomas J. Knight, Esq.
HUBBARD & KNIGHT
1125 Noble Street
Post Office Drawer 1850
Anniston, Alabama 36202
hubbardknight@msn.com
**ATTORNEY FOR PLAINTIFFS**

s/ Jason A. Trippe
Jason A. Trippe (TRI012)
Assistant Attorney General
Assistant Counsel

s/ Robert Prescott
Robert Prescott (PRE020)
Assistant Attorney General
Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard, Room 147
Montgomery, Alabama  36110
(334) 242-6350 (office)
(334) 264-4359 (facsimile)
Email:  trippej@dot.state.al.us
        prescottg@dot.state.al.us

3

EXHIBIT 3
PAGE 5 OF 16

ELECTRONICALLY FILED
7/20/2017 1:29 PM
11-CV-2016-900622.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT
## OF CALHOUN COUNTY, ALABAMA

| | |
|---|---|
| **SAMUEL KEITH FULLER,** *et al.,* | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **CASE NO.: CV-2016-900622** |
| | ) |
| **ALABAMA DEPARTMENT OF** | ) |
| **TRANSPORTATION,** *et al.,* | ) |
| | ) |
| **Defendants.** | ) |

### DEFENDANTS ALABAMA DEPARTMENT OF TRANSPORTATION
### and JOHN R. COOPER, IN HIS CAPACITY OF DIRECTOR,
### MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS

This case concerns an improperly brought inverse condemnation action seeking damages against a State agency. All claims brought by Plaintiffs against the Alabama Department of Transportation ("ALDOT") and John R. Cooper, in his capacity as Director of the Department of Transportation, are barred by sovereign immunity and fail to state a claim upon which relief may be granted. Consequently, the complaint is due to be dismissed with prejudice.

### STATEMENT OF FACTS

On December 15, 2016, Plaintiffs sued ALDOT, by and through Cooper, in his capacity as Director of the Department of Transportation[1], in inverse condemnation claiming they are entitled to compensatory damages for injuries their properties sustained due to ALDOT Construction Project Number NHF-0901(500). (Complaint ¶¶ 3, 4). Specifically, Plaintiffs allege that the project altered access to their properties and businesses which resulted in unspecified compensatory damages and a taking of their property. (Complaint ¶¶ 3, 4). Plaintiffs also allege they are entitled to "certain relocation expenses under applicable law" that

---

[1] In the statement paragraph of the Complaint, Plaintiffs list Cooper as a defendant but only address ALDOT as a defendant in the body of the Complaint. Therefore, out of an abundance of caution, ALDOT moves for dismissal of any claims against Cooper.

EXHIBIT 3
PAGE 6 OF 16

ALDOT failed to pay. (Complaint ¶ 6). In addition to compensatory damages and relocation expenses, under Ala. Code § 18-1A-32(b) Plaintiffs request any reasonable litigation expenses resulting from this lawsuit. (Complaint ¶ 7).

Based upon the principles of sovereign immunity, as well as Plaintiffs' failure to plead a cognizable claim for which relief may be granted, this case is due to be dismissed with prejudice

## ARGUMENT

**1.    The Court has no jurisdiction over Plaintiffs' complaint as Defendants are protected from suit under Article I, § 14.**

**A.    ALDOT is immune from the lawsuit.**

Article I, §14 of the Alabama Constitution provides that the State of Alabama is immune from suit. This immunity is an almost impregnable, invincible wall that provides the State with absolute immunity from suit in any court. When an action is one against the State or a State agency, §14 wholly removes subject-matter jurisdiction from the courts. *See Ex parte Town of Lowndesboro*, 950 So. 2d 1203, 1206 (Ala. 2006). ALDOT is a state agency, and, thus, immune from suit under §14. *See Ex parte Alabama Dep't of Transp.*, 764 So. 2d 1263, 1268 (Ala. 2000).

Accordingly, Plaintiffs' claim against ALDOT is due to be dismissed pursuant to Rule 12(b)(1).

**B.    Cooper is entitled to Sovereign Immunity.**

Article 1, § 14 of the Alabama Constitution of 1901 provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." Critical to this case, the State cannot be indirectly sued by suing an officer in his official capacity when a judgment against the officer would directly affect the financial status of the State treasury. *Ex parte Moulton*, 116 So. 3d 1119, 1140 (Ala. 2013) (holding that all claims against a State official in his or her official

2

EXHIBIT 3
PAGE 7 OF 16

capacity seeking damages are barred by the doctrine of immunity); *see also Southall v. Stricos Corp.*, 275 Ala. 156, 158, 153 So. 2d 234, 235 (1963) (holding that § 14 prevents an action against the State when a result favorable to the plaintiff "would directly affect a contract or property right of the State").  As noted in *Ryan v, Hayes,* "[o]ne of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." 831 So. 2d 21, 31 (Ala. 2002); *citing Siegert v. Gilley,* 500 U. S. 226, 232 (1991).  Absent a valid "exception" to immunity, all claims against Cooper are due to be dismissed.

The Alabama Supreme Court has repeatedly held that "§ 14…affords the State and its agencies an 'absolute' immunity from suit in any court."  *Ex parte Alabama Dep't of Transp.*, 978 So. 2d 17, 22 (Ala. 2007) (citations omitted).  However, certain actions are not barred by § 14.  Two of the general "exceptions" to immunity are a: (1) valid inverse condemnation action brought against a State official in his representative capacity and (2)(a) an action for damages brought against a State official in his individual capacity or (b) an action for an injunction brought against a State official in his representative capacity where it is alleged that he acted fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of law.[2] *Alabama State Univ. v. Danley*, --- So. 3d ---, 2016 WL 1394830, at *6 (Ala. Apr. 8, 2016) (citations omitted).

As explained below, Plaintiffs fail to plead a valid inverse condemnation and do not make a valid claim for damages against Cooper.  Accordingly, Plaintiffs inverse condemnation action seeking compensatory damages and relocation expenses is barred by sovereign immunity.

---

[2] The remaining four general categories of actions not prohibited by Article 1, Section 14 of the Alabama Constitution are: actions brought to compel State officials to perform their legal duties; to enjoin State officials from enforcing an unconstitutional law; to compel State officials to perform ministerial acts; against State officials under the Declaratory Judgments Act, ALA. CODE (1975) § 6–6–220 et seq., seeking construction of a statute and its application in a given situation.

3

EXHIBIT 3

PAGE 8 OF 16

**2.    Plaintiffs fail to establish a claim for a valid inverse condemnation action and are barred by sovereign immunity.**

Plaintiffs cannot prove any element required to establish a valid inverse condemnation, nor do Plaintiffs claim fall under an "exception" to sovereign immunity. Consequently, any and all claims against ALDOT and Cooper are due to be dismissed pursuant to Rule 12(b)(1) and (6).

Plaintiffs allege Project Number NHF-0901(500) severely altered the access to Plaintiffs' properties and businesses and constituted a taking without due process of law. (Complaint ¶¶ 2, 5). The Alabama Constitution of 1901 authorizes the State to take private property and provides in pertinent part: "….private property shall not be taken for or applied to public use, unless just compensation be first made therefore." Ala. Const. Art. I, § 23. To be a "taking" under § 23, Defendants' actions "must constitute an actual, permanent invasion of the land, amounting to an appropriation of, and not merely an injury to the property." *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U. S. 419, 428 (1982); *Willis v. University of North Alabama*, 826 So. 2d 118 (Ala. 2002). Implicit in Section 23 is that the person claiming an invasion of land must own or have an interest in the property which is subject to being taken. "Generally, the State's exercise of the power of eminent domain is accomplished through the statutorily regulated process of condemnation." *Ex parte Alabama Dept. of Transp.*, 143 So. 3d 730, 736 (Ala. 2013), *citing* e.g., *State Dep't of Transp. v. McLelland,* 639 So. 2d 1370 (Ala. 1994). § 18–1A–32(a), Code of Alabama 1975 provides:

> (a) If property is to be acquired by a condemnor through the exercise of its power of eminent domain, the condemnor shall commence a condemnation action for that purpose. A condemnor shall not intentionally make it necessary for an owner of property to commence an action, including an action in inverse condemnation, to prove the fact of the taking of his property.

The elements of a valid inverse condemnation claim are: (1) the taking of private property, (2) for public use, (3) without formal condemnation proceedings and (4) without just

compensation being paid by a governmental agency or entity which has the right or power of condemnation. *Ex parte Carter*, 395 So. 2d 65, 67 (Ala. 1980); *accord, Ex parte Moulton*, 116 So. 3d 1119 (Ala. 2013).

> ### A.   Plaintiffs cannot prove a taking of private property occurred.

The first element of an inverse condemnation action requires Plaintiffs to prove that ALDOT committed a "taking" of their property.   Plaintiffs allege that ALDOT took their properties when it undertook the 3.731 mile road construction project from State Route 901 (Anniston East By-pass) to U.S. Highway 431 in Anniston, Alabama.  Plaintiffs claim the project materially impaired their access.  (Complaint ¶ 4).  However, the Alabama Supreme Court has repeatedly held that mere injury to property or diminution of value "caused" by a State entity is not actionable under § 23.  *Willis v. University of North Alabama*, 826 So. 2d 118 (Ala. 2002). Section 23 requires compensation only for a physical taking of private property, and does not allow compensation for diminution in value or lost business profits.  (*Id*).  Accordingly, Plaintiffs cannot prove that a "taking" occurred based on diminution of  property values or lost business profits.[3]

Plaintiffs fail to meet the first element and cannot establish a valid inverse condemnation action.  Plaintiffs are prohibited by Section 14 from proceeding against Defendants based on this "exception" to sovereign immunity.   Consequently, Plaintiffs inverse condemnation claim against Defendants fails to state a claim upon which relief may be granted and is due to be dismissed under Rule 12(b)(1) and (6).

---

[3] Partial takings by regular or inverse condemnation are based upon a before and after valuation of the real property. *See* ALA. CODE (1975) § 18-1A-170; *Adams v. State*, 291 Ala. 224, 227–228, 279 So. 2d 488, 491 (1973).

EXHIBIT 3
PAGE 10 OF 16

3.     **Plaintiffs' request for compensatory damages and relocation expenses is due to be dismissed under Ala. R. Civ. P. 12(b)(1) and (6).**

Plaintiffs' inverse condemnation claim against Defendants seeking compensatory damages and relocation expenses do not fall within an "exception" to Cooper's sovereign immunity.  Section 14 of the Alabama Constitution permits two types of actions against a State official when it is alleged he has acted fraudulently, in bad faith, beyond his authority, or in a mistaken interpretation of law.  *Ex parte Moulton*, 116 So. 3d 1119, 1141 (Ala. 2013).

First, an action for damages may be brought against the State official in his individual capacity, subject to the limitation that the action not be, in effect, one against the State. *Phillips v. Thomas*, 555 So. 2d 81, 83 (Ala. 1989); *see also Alabama State Univ.*, --- So. 3d ---, 2016 WL 1394830, at *11 (Ala. Apr. 8, 2016) (noting Plaintiff's allegations against State officials in their individual capacities "are essentially irrelevant if the awards are, in effect, awards against the State").   Second, an action for an injunction may be brought against a State official in his representative capacity.  *Wallace v. Board of Education of Montgomery County*, 280 Ala. 635, 197 So. 2d 428 (1967).  As explained below, Defendants' actions do not fall under either of these "exceptions".

A.     **Plaintiffs' action for damages against Cooper in his official capacity is barred by sovereign immunity and fails as a matter of law.**

Plaintiffs are prohibited by § 14 from asserting an action for damages against Cooper in his official capacity.  Part one of the "exception" to § 14 requires an action for damages to be brought against Cooper in his individual capacity.  Plaintiffs' have sued Cooper in his capacity as Director of the Department of Transportation (Complaint ¶ 2).  The Alabama Supreme Court has made clear that an action for damages must be brought against a State official in his individual capacity.  *See Moulton*, 116 So. 3d at 1141 (clarifying that actions for damages against State

6

EXHIBIT 3
PAGE 11 OF 16

officials may be asserted, if at all, only against State officials in their individual capacities). Moreover, Plaintiffs may not indirectly sue the State by suing Cooper in his official capacity "when a result favorable to plaintiff would be directly to affect the financial status of the state treasury." *Patterson v. Gladwin Corp.*, 835 So. 2d 137, 142 (Ala. 2002); *Lyons v. River Road Constr., Inc.*, 858 So. 2d 257, 261 (Ala. 2003)(noting that a party could not bring an action against a State official, because "[s]uch an action impermissibly seeks funds from the State treasury").

Consequently, Plaintiffs' action for compensatory damages against Cooper in his capacity as Director of the Department of Transportation is unequivocally barred by Section 14. Accordingly, Plaintiffs' inverse condemnation action seeking compensatory damages fails to fall under an "exception" to sovereign immunity.

> **B.   Plaintiffs have not alleged, and cannot prove, Cooper acted fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of law.**

Part two of the "exception" to Cooper's sovereign immunity requires Plaintiffs to prove that Cooper acted fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of law. *See Cooper v. Ziegler*, 193 So. 3d 722, 729 (Ala. 2015). Plaintiffs did not allege in their complaint that Cooper acted fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of law, therefore Plaintiffs cannot avail itself of the "exception" to Cooper's immunity. Thus, no exception to immunity exists and Cooper is entitled to sovereign immunity.

Assuming Plaintiffs properly alleged a bad faith claim, Plaintiffs cannot satisfy this "exception" to Cooper's immunity. As Director of ALDOT, Cooper is entitled to exercise control and dominion of the location, construction and maintenance of the State's public highway system. *Pruett v. Las Vegas, Inc.*, 261 Ala. 557, 74 So. 2d 807 (1954). Section 23-1-

EXHIBIT 3
PAGE 12 OF 16

21, Code of Alabama 1975 vests Cooper with the power and authority to take actions on behalf of ALDOT.  Furthermore, Cooper is authorized to make changes and additions to state roads.  *See* ALA. CODE § 23-1-46 (1975).  Project Number NHF-0901(500) is clearly within Cooper's authority.  Consequently, Cooper did not act fraudulently, in bad faith, beyond his authority or under a mistaken interpretation of law by authorizing ALDOT to undertake Project Number NHF-0901(500).

<u>**CONCLUSION**</u>

ALDOT and Cooper are entitled to be dismissed on the grounds of sovereign immunity and failure to state a claim upon which relief can be granted.  Plaintiffs fail to plead a valid inverse condemnation action, make no claim for damages against Cooper in his individual capacity, and cannot show Cooper acted fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of law.  Thus, Defendants actions do not fall within any of the stated "exceptions" to sovereign immunity.  Absent an "exception" to ALDOT's sovereign immunity, the Court has no option but to dismiss due to the absence of subject matter jurisdiction.

Cooper is entitled to sovereign immunity because Plaintiffs' inverse condemnation claim seeks compensatory damages and fails to qualify under any "exception" to § 14.  First, Plaintiffs are barred from asserting a damages claim against Cooper in his official capacity.  Second, there are no circumstances which Cooper acted fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of law.  More importantly, Plaintiffs' purported action against Cooper in his official capacity is in actuality an indirect claim against the State.  Consequently, Plaintiffs' actions are barred by Section 14 and Cooper is entitled to immunity.

In *Ex parte Blankenship*, 893 So. 2d 303, 306–07 (Ala. 2004), the Court held that if a trial court lacks subject-matter jurisdiction, it has no power to take any action other than to dismiss

8

EXHIBIT 3
PAGE 13 OF 16

the complaint.  A trial court lacks subject-matter jurisdiction if the defendant is immune under the doctrine of sovereign immunity.  *Larkins*, 806 So. 2d 358, 364 ("Article I, § 14 of the Alabama Constitution of 1901 thus removes subject-matter jurisdiction from the courts when an action is determined to be one against the State.").  ALDOT and Cooper are immune from this suit and is entitled to be dismissed with prejudice under Rule 12(b)(1) and (6) of the Alabama Rules of Civil Procedure.

**RESPECTFULLY SUBMITTED** this the **9<u>th</u>** day of **<u>January</u>**, **20<u>17</u>**.

RESPECTFULLY SUBMITTED,

LUTHER STRANGE
Attorney General

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama  36104
Telephone:  (334) 242-7300

<u>s/ Jim R. Ippolito, Jr.</u>
Jim R. Ippolito, Jr. (IPP001)
Assistant Attorney General
Chief Counsel

<u>s/ Jason A. Trippe</u>
Jason A. Trippe (TRI012)
Assistant Attorney General
Assistant Counsel

<u>s/ Robert Prescott</u>
Robert Prescott (PRE020)
Assistant Attorney General
Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard, Room 147
Montgomery, Alabama  36110
Telephone:  (334) 242-6350

9

EXHIBIT 3
PAGE 14 OF 16

Facsimile:  (334) 264-4359
Email:  ippolitoj@dot.state.al.us
         trippej@dot.state.al.us
         prescottg@dot.state.al.us

## CERTIFICATE OF SERVICE

I hereby certify that on this **9th** day of **January**, **2017**, I have served the foregoing using the Alafile system and upon the following by placing copies thereof, addressed as indicated below, to the last known address of the Defendant in United States Mail, First Class postage prepaid:

Mr. Thomas J. Knight, Esq.
HUBBARD & KNIGHT
1125 Noble Street
Post Office Drawer 1850
Anniston, Alabama 36202
hubbardknight@msn.com
**ATTORNEY FOR PLAINTIFFS**

s/ Jason A. Trippe
Jason A. Trippe (TRI012)
Assistant Attorney General
Assistant Counsel

s/ Robert Prescott
Robert Prescott (PRE020)
Assistant Attorney General
Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard, Room 147
Montgomery, Alabama  36110
(334) 242-6350 (office)
(334) 264-4359 (facsimile)
Email:  trippej@dot.state.al.us
        prescottg@dot.state.al.us

11

EXHIBIT 3
PAGE 16 OF 16

ELECTRONICALLY FILED
7/5/2017 1:29 PM
11-CV-2016-900622.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

# IN THE CIRCUIT COURT
# OF CALHOUN COUNTY, ALABAMA

SAMUEL KEITH FULLER, *et al.*,    )
    )
    Plaintiffs,    )
    )
v.    )    **CASE NO.: CV-2016-900622**
    )
ALABAMA DEPARTMENT OF    )
TRANSPORTATION, *et al.*,    )
    )
    Defendants.    )

### DEFENDANTS ALABAMA DEPARTMENT OF TRANSPORTATION
### and JOHN R. COOPER, IN HIS CAPACITY OF DIRECTOR,
### MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS

This case concerns an improperly brought inverse condemnation action seeking damages against a State agency. All claims brought by Plaintiffs against the Alabama Department of Transportation ("ALDOT") and John R. Cooper, in his capacity as Director of the Department of Transportation, are barred by sovereign immunity and fail to state a claim upon which relief may be granted. Consequently, the complaint is due to be dismissed with prejudice.

### STATEMENT OF FACTS

On December 15, 2016, Plaintiffs sued ALDOT, by and through Cooper, in his capacity as Director of the Department of Transportation[1], in inverse condemnation claiming they are entitled to compensatory damages for injuries their properties sustained due to ALDOT Construction Project Number NHF-0901(500). (Complaint ¶¶ 3, 4). Specifically, Plaintiffs allege that the project altered access to their properties and businesses which resulted in unspecified compensatory damages and a taking of their property. (Complaint ¶¶ 3, 4). Plaintiffs also allege they are entitled to "certain relocation expenses under applicable law" that

---

[1] In the statement paragraph of the Complaint, Plaintiffs list Cooper as a defendant but only address ALDOT as a defendant in the body of the Complaint. Therefore, out of an abundance of caution, ALDOT moves for dismissal of any claims against Cooper.

EXHIBIT 4
PAGE 1 OF 11

ALDOT failed to pay. (Complaint ¶ 6).  In addition to compensatory damages and relocation expenses, under Ala. Code § 18-1A-32(b) Plaintiffs request any reasonable litigation expenses resulting from this lawsuit. (Complaint ¶ 7).

Based upon the principles of sovereign immunity, as well as Plaintiffs' failure to plead a cognizable claim for which relief may be granted, this case is due to be dismissed with prejudice

## ARGUMENT

**1.    The Court has no jurisdiction over Plaintiffs' complaint as Defendants are protected from suit under Article I, § 14.**

**A.    ALDOT is immune from the lawsuit.**

Article I, §14 of the Alabama Constitution provides that the State of Alabama is immune from suit.  This immunity is an almost impregnable, invincible wall that provides the State with absolute immunity from suit in any court.  When an action is one against the State or a State agency, §14 wholly removes subject-matter jurisdiction from the courts. *See Ex parte Town of Lowndesboro*, 950 So. 2d 1203, 1206 (Ala. 2006).  ALDOT is a state agency, and, thus, immune from suit under §14.  *See Ex parte Alabama Dep't of Transp.*, 764 So. 2d 1263, 1268 (Ala. 2000).

Accordingly, Plaintiffs' claim against ALDOT is due to be dismissed pursuant to Rule 12(b)(1).

**B.    Cooper is entitled to Sovereign Immunity.**

Article 1, § 14 of the Alabama Constitution of 1901 provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity."  Critical to this case, the State cannot be indirectly sued by suing an officer in his official capacity when a judgment against the officer would directly affect the financial status of the State treasury.  *Ex parte Moulton*, 116 So. 3d 1119, 1140 (Ala. 2013) (holding that all claims against a State official in his or her official

2

EXHIBIT 4
PAGE 2 OF 11

capacity seeking damages are barred by the doctrine of immunity); *see also Southall v. Stricos Corp.*, 275 Ala. 156, 158, 153 So. 2d 234, 235 (1963) (holding that § 14 prevents an action against the State when a result favorable to the plaintiff "would directly affect a contract or property right of the State").  As noted in *Ryan v, Hayes,* "[o]ne of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." 831 So. 2d 21, 31 (Ala. 2002); *citing Siegert v. Gilley,* 500 U. S. 226, 232 (1991).  Absent a valid "exception" to immunity, all claims against Cooper are due to be dismissed.

The Alabama Supreme Court has repeatedly held that "§ 14…affords the State and its agencies an 'absolute' immunity from suit in any court."  *Ex parte Alabama Dep't of Transp.*, 978 So. 2d 17, 22 (Ala. 2007) (citations omitted).  However, certain actions are not barred by § 14.  Two of the general "exceptions" to immunity are a: (1) valid inverse condemnation action brought against a State official in his representative capacity and (2)(a) an action for damages brought against a State official in his individual capacity or (b) an action for an injunction brought against a State official in his representative capacity where it is alleged that he acted fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of law.[2] *Alabama State Univ. v. Danley*, --- So. 3d ---, 2016 WL 1394830, at *6 (Ala. Apr. 8, 2016) (citations omitted).

As explained below, Plaintiffs fail to plead a valid inverse condemnation and do not make a valid claim for damages against Cooper.  Accordingly, Plaintiffs inverse condemnation action seeking compensatory damages and relocation expenses is barred by sovereign immunity.

---

[2] The remaining four general categories of actions not prohibited by Article 1, Section 14 of the Alabama Constitution are: actions brought to compel State officials to perform their legal duties; to enjoin State officials from enforcing an unconstitutional law; to compel State officials to perform ministerial acts; against State officials under the Declaratory Judgments Act, ALA. CODE (1975) § 6–6–220 et seq., seeking construction of a statute and its application in a given situation.

3

EXHIBIT 4

PAGE 3 OF 11

2.     **Plaintiffs fail to establish a claim for a valid inverse condemnation action and are barred by sovereign immunity**.

Plaintiffs cannot prove any element required to establish a valid inverse condemnation, nor do Plaintiffs claim fall under an "exception" to sovereign immunity. Consequently, any and all claims against ALDOT and Cooper are due to be dismissed pursuant to Rule 12(b)(1) and (6).

Plaintiffs allege Project Number NHF-0901(500) severely altered the access to Plaintiffs' properties and businesses and constituted a taking without due process of law. (Complaint ¶¶ 2, 5). The Alabama Constitution of 1901 authorizes the State to take private property and provides in pertinent part: "….private property shall not be taken for or applied to public use, unless just compensation be first made therefore." Ala. Const. Art. I, § 23. To be a "taking" under § 23, Defendants' actions "must constitute an actual, permanent invasion of the land, amounting to an appropriation of, and not merely an injury to the property." *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U. S. 419, 428 (1982); *Willis v. University of North Alabama*, 826 So. 2d 118 (Ala. 2002). Implicit in Section 23 is that the person claiming an invasion of land must own or have an interest in the property which is subject to being taken. "Generally, the State's exercise of the power of eminent domain is accomplished through the statutorily regulated process of condemnation." *Ex parte Alabama Dept. of Transp.*, 143 So. 3d 730, 736 (Ala. 2013), *citing* e.g., *State Dep't of Transp. v. McLelland,* 639 So. 2d 1370 (Ala. 1994). § 18–1A–32(a), Code of Alabama 1975 provides:

> (a) If property is to be acquired by a condemnor through the exercise of its power of eminent domain, the condemnor shall commence a condemnation action for that purpose. A condemnor shall not intentionally make it necessary for an owner of property to commence an action, including an action in inverse condemnation, to prove the fact of the taking of his property.

The elements of a valid inverse condemnation claim are: (1) the taking of private property, (2) for public use, (3) without formal condemnation proceedings and (4) without just

EXHIBIT 4
PAGE 4 OF 11

compensation being paid by a governmental agency or entity which has the right or power of condemnation. *Ex parte Carter*, 395 So. 2d 65, 67 (Ala. 1980); *accord, Ex parte Moulton*, 116 So. 3d 1119 (Ala. 2013).

### A.     Plaintiffs cannot prove a taking of private property occurred.

The first element of an inverse condemnation action requires Plaintiffs to prove that ALDOT committed a "taking" of their property.   Plaintiffs allege that ALDOT took their properties when it undertook the 3.731 mile road construction project from State Route 901 (Anniston East By-pass) to U.S. Highway 431 in Anniston, Alabama.  Plaintiffs claim the project materially impaired their access.  (Complaint ¶ 4).  However, the Alabama Supreme Court has repeatedly held that mere injury to property or diminution of value "caused" by a State entity is not actionable under § 23.  *Willis v. University of North Alabama*, 826 So. 2d 118 (Ala. 2002). Section 23 requires compensation only for a physical taking of private property, and does not allow compensation for diminution in value or lost business profits.  (*Id*).  Accordingly, Plaintiffs cannot prove that a "taking" occurred based on diminution of  property values or lost business profits.[3]

Plaintiffs fail to meet the first element and cannot establish a valid inverse condemnation action.  Plaintiffs are prohibited by Section 14 from proceeding against Defendants based on this "exception" to sovereign immunity.   Consequently, Plaintiffs inverse condemnation claim against Defendants fails to state a claim upon which relief may be granted and is due to be dismissed under Rule 12(b)(1) and (6).

---

[3] Partial takings by regular or inverse condemnation are based upon a before and after valuation of the real property. *See* ALA. CODE (1975) § 18-1A-170; *Adams v. State*, 291 Ala. 224, 227–228, 279 So. 2d 488, 491 (1973).

EXHIBIT 4

PAGE 5 OF 11

**3.    Plaintiffs' request for compensatory damages and relocation expenses is due to be dismissed under Ala. R. Civ. P. 12(b)(1) and (6).**

Plaintiffs' inverse condemnation claim against Defendants seeking compensatory damages and relocation expenses do not fall within an "exception" to Cooper's sovereign immunity.  Section 14 of the Alabama Constitution permits two types of actions against a State official when it is alleged he has acted fraudulently, in bad faith, beyond his authority, or in a mistaken interpretation of law.  *Ex parte Moulton*, 116 So. 3d 1119, 1141 (Ala. 2013).

First, an action for damages may be brought against the State official in his individual capacity, subject to the limitation that the action not be, in effect, one against the State.  *Phillips v. Thomas*, 555 So. 2d 81, 83 (Ala. 1989); *see also Alabama State Univ.*, --- So. 3d ---, 2016 WL 1394830, at *11 (Ala. Apr. 8, 2016) (noting Plaintiff's allegations against State officials in their individual capacities "are essentially irrelevant if the awards are, in effect, awards against the State").  Second, an action for an injunction may be brought against a State official in his representative capacity.  *Wallace v. Board of Education of Montgomery County*, 280 Ala. 635, 197 So. 2d 428 (1967).  As explained below, Defendants' actions do not fall under either of these "exceptions".

**A.    Plaintiffs' action for damages against Cooper in his official capacity is barred by sovereign immunity and fails as a matter of law.**

Plaintiffs are prohibited by § 14 from asserting an action for damages against Cooper in his official capacity.  Part one of the "exception" to § 14 requires an action for damages to be brought against Cooper in his individual capacity.  Plaintiffs' have sued Cooper in his capacity as Director of the Department of Transportation (Complaint ¶ 2).  The Alabama Supreme Court has made clear that an action for damages must be brought against a State official in his individual capacity.  *See Moulton*, 116 So. 3d at 1141 (clarifying that actions for damages against State

6

EXHIBIT 4
PAGE 6 OF 11

officials may be asserted, if at all, only against State officials in their individual capacities). Moreover, Plaintiffs may not indirectly sue the State by suing Cooper in his official capacity "when a result favorable to plaintiff would be directly to affect the financial status of the state treasury." *Patterson v. Gladwin Corp.*, 835 So. 2d 137, 142 (Ala. 2002); *Lyons v. River Road Constr., Inc.*, 858 So. 2d 257, 261 (Ala. 2003)(noting that a party could not bring an action against a State official, because "[s]uch an action impermissibly seeks funds from the State treasury").

Consequently, Plaintiffs' action for compensatory damages against Cooper in his capacity as Director of the Department of Transportation is unequivocally barred by Section 14. Accordingly, Plaintiffs' inverse condemnation action seeking compensatory damages fails to fall under an "exception" to sovereign immunity.

### B. Plaintiffs have not alleged, and cannot prove, Cooper acted fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of law.

Part two of the "exception" to Cooper's sovereign immunity requires Plaintiffs to prove that Cooper acted fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of law. *See Cooper v. Ziegler*, 193 So. 3d 722, 729 (Ala. 2015). Plaintiffs did not allege in their complaint that Cooper acted fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of law, therefore Plaintiffs cannot avail itself of the "exception" to Cooper's immunity. Thus, no exception to immunity exists and Cooper is entitled to sovereign immunity.

Assuming Plaintiffs properly alleged a bad faith claim, Plaintiffs cannot satisfy this "exception" to Cooper's immunity. As Director of ALDOT, Cooper is entitled to exercise control and dominion of the location, construction and maintenance of the State's public highway system. *Pruett v. Las Vegas, Inc.*, 261 Ala. 557, 74 So. 2d 807 (1954). Section 23-1-

EXHIBIT 4
PAGE 7 OF 11

21, Code of Alabama 1975 vests Cooper with the power and authority to take actions on behalf of ALDOT.  Furthermore, Cooper is authorized to make changes and additions to state roads. *See* ALA. CODE § 23-1-46 (1975).  Project Number NHF-0901(500) is clearly within Cooper's authority.  Consequently, Cooper did not act fraudulently, in bad faith, beyond his authority or under a mistaken interpretation of law by authorizing ALDOT to undertake Project Number NHF-0901(500).

**CONCLUSION**

ALDOT and Cooper are entitled to be dismissed on the grounds of sovereign immunity and failure to state a claim upon which relief can be granted.  Plaintiffs fail to plead a valid inverse condemnation action, make no claim for damages against Cooper in his individual capacity, and cannot show Cooper acted fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of law.  Thus, Defendants actions do not fall within any of the stated "exceptions" to sovereign immunity.  Absent an "exception" to ALDOT's sovereign immunity, the Court has no option but to dismiss due to the absence of subject matter jurisdiction.

Cooper is entitled to sovereign immunity because Plaintiffs' inverse condemnation claim seeks compensatory damages and fails to qualify under any "exception" to § 14.  First, Plaintiffs are barred from asserting a damages claim against Cooper in his official capacity.  Second, there are no circumstances which Cooper acted fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of law.  More importantly, Plaintiffs' purported action against Cooper in his official capacity is in actuality an indirect claim against the State.  Consequently, Plaintiffs' actions are barred by Section 14 and Cooper is entitled to immunity.

In *Ex parte Blankenship*, 893 So. 2d 303, 306–07 (Ala. 2004), the Court held that if a trial court lacks subject-matter jurisdiction, it has no power to take any action other than to dismiss

8

EXHIBIT 4
PAGE 8 OF 11

the complaint.  A trial court lacks subject-matter jurisdiction if the defendant is immune under the doctrine of sovereign immunity. *Larkins*, 806 So. 2d 358, 364 ("Article I, § 14 of the Alabama Constitution of 1901 thus removes subject-matter jurisdiction from the courts when an action is determined to be one against the State.").  ALDOT and Cooper are immune from this suit and is entitled to be dismissed with prejudice under Rule 12(b)(1) and (6) of the Alabama Rules of Civil Procedure.

**RESPECTFULLY SUBMITTED** this the **9th** day of **January**, **2017**.

RESPECTFULLY SUBMITTED,

LUTHER STRANGE
Attorney General

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama  36104
Telephone:  (334) 242-7300

s/ Jim R. Ippolito, Jr.
Jim R. Ippolito, Jr. (IPP001)
Assistant Attorney General
Chief Counsel

s/ Jason A. Trippe
Jason A. Trippe (TRI012)
Assistant Attorney General
Assistant Counsel

s/ Robert Prescott
Robert Prescott (PRE020)
Assistant Attorney General
Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard, Room 147
Montgomery, Alabama  36110
Telephone:  (334) 242-6350

Facsimile:  (334) 264-4359
Email:  ippolitoj@dot.state.al.us
         trippej@dot.state.al.us
         prescottg@dot.state.al.us

10

EXHIBIT 4
PAGE 10 OF 11

## CERTIFICATE OF SERVICE

I hereby certify that on this **9th** day of **January**, **2017**, I have served the foregoing using the Alafile system and upon the following by placing copies thereof, addressed as indicated below, to the last known address of the Defendant in United States Mail, First Class postage prepaid:

Mr. Thomas J. Knight, Esq.
HUBBARD & KNIGHT
1125 Noble Street
Post Office Drawer 1850
Anniston, Alabama 36202
hubbardknight@msn.com
**ATTORNEY FOR PLAINTIFFS**

s/ Jason A. Trippe
Jason A. Trippe (TRI012)
Assistant Attorney General
Assistant Counsel

s/ Robert Prescott
Robert Prescott (PRE020)
Assistant Attorney General
Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard, Room 147
Montgomery, Alabama  36110
(334) 242-6350 (office)
(334) 264-4359 (facsimile)
Email: trippej@dot.state.al.us
        prescottg@dot.state.al.us

11

EXHIBIT 4
PAGE 11 OF 11



AlaFile E-Notice

11-CV-2016-900622.00

Judge: BUD TURNER

To:  PRESCOTT GEORGE ROBERT JR
prescottg@dot.state.al.us

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

SAMUEL KEITH FULLER ET AL V. ALABAMA DEPARTMENT OF TRANSPORTATION
11-CV-2016-900622.00

A court action was entered in the above case on 3/9/2017 1:52:36 PM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           LHT

Notice Date:     3/9/2017 1:52:36 PM

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov

EXHIBIT 5
PAGE 1 OF 2

ELECTRONICALLY FILED
3/9/2017 1:52 PM
11-CV-2016-900622.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | |
|---|---|
| FULLER SAMUEL KEITH, | ) |
| JOHN RICHARD PATTY D/B/A, | ) |
| LAWANA WADE AND JERRI BURGESS D/B/A, | ) |
| DAVID KING D/B/A ET AL, | ) |
| Plaintiffs, | ) |
| | ) |
| V. | )   Case No.:        CV-2016-900622.00 |
| | ) |
| ALABAMA          DEPARTMENT          OF | ) |
| TRANSPORTATION, | ) |
| Defendant. | ) |

## ORDER

MOTION FOR CONTINUANCE filed by Plaintiffs is hereby GRANTED.   Hearing on the Motion to Dismiss is continued off the April 3, 2017, docket and is RESET for APRIL 18, 2017, at 9:00 A.M

**DONE this 9th day of March, 2017.**

**/s/ BUD TURNER**
**CIRCUIT JUDGE**

EXHIBIT 5
PAGE 2 OF 2

**IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA**

| | |
|---|---|
| SAMUEL KEITH FULLER, ET AL., | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| v. | )   **CASE NO. CV-2016-900622** |
| | ) |
| ALABAMA DEPARTMENT OF | ) |
| TRANSPORTATION, | ) |
| | ) |
|      Defendant. | ) |

## NOTICE OF REMOVAL

TO:   Kim McCarson
        Circuit Clerk of Calhoun County, Alabama
        225 West 11th Street
        Anniston, Alabama 36201

      **YOU ARE HEREBY NOTIFIED** of the filing of a Notice of Removal to the

United States District Court for the Northern District Court for the Eastern Division of Alabama

of the case of *Samuel Keith Fuller, et al. v. Alabama Department of Transportation, et al.*, said

case being Civil Action Number CV-2016-900622 in the Circuit Court of Calhoun County,

Alabama.   A copy of the Notice of Removal is attached **as Exhibit 1** in accordance with the

provision of 28 U.S.C. § 1446.

                             RESPECTFULLY SUBMITTED,

                             STEVE MARSHALL
                             Attorney General

                             State of Alabama
                             Office of the Attorney General
                             501 Washington Avenue
                             Montgomery, Alabama 36104
                             Telephone: (334) 242-7300

EXHIBIT 6
PAGE 1 OF 3

s/ Jason S. Trippe
JASON A. TRIPPE (TRI012)
ASSISTANT ATTORNEY GENERAL
ASSISTANT COUNSEL

s/ Robert Prescott
ROBERT PRESCOTT (PRE020)
ASSISTANT ATTORNEY GENERAL
ASSISTANT COUNSEL


**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard, Room 147
Montgomery, Alabama 36110
Telephone: (334) 242-6350
Facsimile: (334) 264-4359
Email: trippej@dot.state.al.us
Email: prescottg@dot.state.al.us

2

EXHIBIT 6
PAGE 2 OF 3

**CERTIFICATE OF SERVICE**

I hereby certify that on this **20ᵗʰ** day of **July**, **2017**, I have served the foregoing using the Alafile system and upon the following by placing copies thereof, addressed as indicated below, to the last known address of the Defendant in United States Mail, First Class postage prepaid:

Mr. Thomas J. Knight, Esq.
HUBBARD & KNIGHT
1125 Noble Street
Post Office Drawer 1850
Anniston, Alabama 36202
hubbardknight@msn.com
**ATTORNEY FOR PLAINTIFFS**

s/ Jason S. Trippe
JASON A. TRIPPE (TRI012)
ASSISTANT ATTORNEY GENERAL
ASSISTANT COUNSEL

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard, Room 147
Montgomery, Alabama 36110
Telephone: (334) 242-6350
Facsimile: (334) 264-4359
Email: trippej@dot.state.al.us

3

EXHIBIT 6
PAGE 3 OF 3



AlaFile E-Notice

11-CV-2016-900622.00

Judge: BUD TURNER

To:  TRIPPE JASON ANDREW
trippej@dot.state.al.us

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

SAMUEL KEITH FULLER ET AL V. ALABAMA DEPARTMENT OF TRANSPORTATION
11-CV-2016-900622.00

The following matter was FILED on 4/17/2017 3:17:15 PM

C001 FULLER SAMUEL KEITH
RESPONSE TO MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: KNIGHT THOMAS JAMES]

Notice Date:      4/17/2017 3:17:15 PM

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov

EXHIBIT 7
PAGE 1 OF 5

ELECTRONICALLY FILED
4/7/2017 3:16 PM
11-CV-2016-900622.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | |
|---|---|
| SAMUEL KEITH ) | |
| FULLER individually and as ) | |
| executor of the ESTATE OF ) | |
| JAMES R. FULLER, deceased, ) | |
| JOHN RICHARD PATTY, ) | |
| SHOTGUN SPORTS SUPPLY CO. ) | |
| INC., LAWANNA WADE AND ) | |
| JERRI BURGESS D/B/A THE ) | |
| ANNISTON SALON CENTER, ) | |
| DAVID KING D/B/A DAVID KING ) | |
| AUTOMOTIVE, CALVIN L. JONES ) | |
| D/B/A C&C SMALL ENGINES, ) | |
| SANDRA GRIMES D/B/A ) | |
| J&S BOOTS, LINDA ) | |
| CROSSON D/B/A THE LAUNDRY ) | |
| BASKET, ) | |
| ) | |
| **Plaintiffs,** ) | |
| v. ) | **CASE NUMBER: CV-2016-900622** |
| ) | |
| ALABAMA DEPARTMENT ) | |
| OF TRANSPORTATION, et al, ) | |
| ) | |
| **Defendants.** ) | |

## RESPONSE TO MOTION TO DISMISS

NOW COME the Plaintiffs and respond to and oppose the Motion to Dismiss filed by the Defendants in this civil action and in opposition to the Motion show the Court as follows:

1. The Motion is due to be denied.  It is a Rule 12(b)(6) motion which is not to be granted unless no factual circumstances could be proved under the pleadings which would entitle the Plaintiffs to relief. The Defendants seem to want this Court to abolish the long-standing doctrine of inverse condemnation which is well recognized under the laws of Alabama as shown below. The defendant Director of the Department of Transportation is the proper party in a suit for inverse condemnation. *Drummond Co v Ala Dept or Transp.*, 937 So. 2nd 56, 58 (Ala. 2006) wherein ADOT substituted its director as the proper defendant.  Here the Director was named as party defendant acting in his representative capacity. Paragraph 2 of the Complaint makes claim against "the Defendant, John R. Cooper, in his capacity as director of the Department of Transportation", and then the Complaint avers "That Defendant caused damage and injury to Plaintiffs' properties".

2. The law is well established in Alabama, and by the Constitution, nationwide,

EXHIBIT 7
PAGE 2 OF 5

that the state has no immunity under circumstances where the doctrine of inverse condemnation applies. Our Supreme Court has long held: "This Court has recognized an inverse-condemnation action as an exception to the doctrine of State immunity: 'There are four general categories of actions which in *Aland v. Graham*, 287 Ala. 226, 250 So.2d 677 (1971), we stated do not come within the prohibition of § 14: ....valid inverse condemnation actions brought against State officials in their representative capacity" *Drummond Co. v. Ala. Dep't of Transp.*, 937 So. 2d 56, 58 (Ala. 2006), *Ex parte Moulton*, 116 So. 3d 1119 (Ala. 2013).  "Other actions which are not prohibited by § 14 are: (5) valid inverse condemnation actions brought against State officials in their representative capacity" *Ex parte Moulton*, 116 So. 3d 1119, 1131 (Ala. 2013).

3. The high court has also made clear the exception to the immunity rule: "*Murphy* stated that 'actions to recover money damages from the State ... are generally barred.' *Murph*y, 72 So.3d at 1208 (emphasis added). A valid inverse-condemnation action is a clear exception to this general bar." *Ex parte Alabama Dep't of Transp.*, 143 So. 3d 730, 739 (Ala. 2013)

4. "'Inverse condemnation is defined as the taking of private property for public use without formal condemnation proceedings and without just compensation being paid by a governmental agency or entity which has the right or power of condemnation.' *Foreman v. State*, 676 So.2d 303, 305 (Ala.1995) (quoting *Ex parte Carter*, 395 So.2d 65, 67 (Ala.1980)). However, a "taking" does not require that the governmental agency has literally occupied the plaintiff's property. *Jefferson County*, 621 So.2d at 1287 (emphasis added).
In *Foreman*, supra, the Supreme Court held that a plaintiff had stated a valid cause of action by alleging that highway construction "produces unduly loud noise, causes her utilities to be cut off at times, occurs at unreasonable hours, and ... caused damage to her house." 676 So.2d at 304.
 Id. at 305. Likewise, in *Dykes v. City of Mountain Brook*, 628 So.2d 713 (Ala.Civ.App.1993), this court reversed a summary judgment for the City on the plaintiffs' inverse condemnation claim based on the City's placement of an athletic complex near the plaintiffs' homes; the plaintiffs claimed a resulting diminution in the market value of their homes.The landowners in the present case have alleged injuries arguably more severe than those claimed in *Foreman* and *Dykes*. Thus, construing the allegations in the complaint in favor of the landowners, we determine that they could conceivably prove facts that would entitle them to relief. The judgment dismissing the plaintiffs' complaint is reversed, and the cause is remanded for proceedings consistent with this opinion."
*Calhoun v. Coffee Cty. Comm'n*, 706 So. 2d 755, 757 (Ala. Civ. App. 1997).  And inverse condemnation rights are as old as the foundation of our Republic. *City Council of Montgomery v. Maddox*, 89 Ala. 181 (1890).

5. Before the Revolution, under the common law of England as it applied in the American colonies, there "was a severe rule, full of hardships and injustice, that an act done under lawful authority, if done in a proper manner would not subject the party to an action, whatever the consequences might be, in the absence of any actual taking of the property of the injured party.  It opened wide the door for the most monstrous

EXHIBIT 7
PAGE 3 OF 5

invasions of the rights of the private property of the citizen under the authority conferred by legislatures…" *Maddox*, supra, 185.

6.  In the present case, the Defendants, would seem to want to recreate the old rule before we threw off the King.  That rule was described by our Supreme Court two centuries ago saying "the unjust distinction thus obtained at common law that one who was injured by the rightful exercise of eminent domain could not recover damages for such injury, however great, unless some portion of his property was actually taken." *Maddox*, p. 185. In this case, two centuries later, the State would apparently like to reinstate the power the "sovereign" once exerted over the citizens and the revolution against which "monstrous injustices" brought our nation and our state into existence. We have shown above that the doctrine of "sovereign immunity" does not apply to inverse condemnation.  The Defendants would also nibble at the edges of the constitutional protections allowed to the citizens, which protections expanded their rights from those held against the King at common law to those now held by Americans.

7.  The Alabama Supreme Court said in *Ex parte Alabama Dep't of Transp*., 143 So. 3d 730 (Ala. 2013), at page 736, that the takings clause of the U.S. Constitution, in the Fifth Amendment in particular, is applicable to the states under the Fourteenth Amendment and tells us that the Alabama Constitution "provides similar safeguards" in Article I, section 23 and Article XII section 235. These rights are protected by inverse condemnation actions such as the present case.

WHEREFORE, the Plaintiffs show that the Motion to Dismiss is due to be denied and overruled.

*/s/ Thomas J. Knight*
Thomas J. Knight
Attorney for Plaintiffs

HUBBARD & KNIGHT
1125 Noble Street
Anniston, AL 36202
(256) 237-9586
hubbardknight@msn.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this, the 17th day of April, 2017 served a copy of the foregoing on all counsel of record by AlaFile or mailed a copy of the foregoing by United States Mail, postage prepaid and properly addressed to all counsel of record.

Jim R. Ippolito, Jr. (IPP001)
Assistant Attorney General
Chief Counsel

EXHIBIT 7
PAGE 4 OF 5

Jason A. Trippe (TRI012)
Assistant Attorney General
Assistant Counsel

Robert Prescott (PRE020)
Assistant Attorney General
Assistant Counsel

State of Alabama Department of Transportation
1409 Coliseum Boulevard, Room 147
Montgomery, Alabama 36110
Telephone: (334) 242-6350
Facsimile: (334) 264-4359
Email: trippej@dot.state.al.us
Email: prescottg@dot.state.al.us

_/s/ Thomas J. Knight_____
Thomas J. Knight
**Attorney for Plaintiffs**

EXHIBIT 7
PAGE 5 OF 5