FILED
2017 Aug-29 AM 09:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SAMUEL KEITH FULLER, )<br>individually and as executor of )<br>the Estate of James R. Fuller, )<br>deceased, et al, )<br> )<br>    **Plaintiffs,** )<br> )<br>v. )<br> )<br>**ALABAMA DEPARTMENT OF** )<br>**TRANSPORTATION,** )<br>by and through the Director of )<br>Alabama Department of )<br>Transportation, et al. )<br> )<br>    **Defendants.** ) | **Civil Action No.:**<br>**1:17-cv-01214-VEH** |

## MEMORANDUM OPINION

This case comes before the Court on the Motion To Remand filed by the Plaintiff. (Doc. 8). This inverse condemnation action was removed to this Court on July 20, 2017, by the Defendants based on 28 U.S.C. § 1441, which allows the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C.A. § 1441(a).[1] On July 11, 2017, the Plaintiffs amended their complaint to "make [a] claim under the Fifth Amendment

---

[1] There is no merit to the Plaintiffs' argument that this case was improperly removed pursuant to 28 U.S.C. § 1443. (Doc. 8 at 2-3). That section is cited only once in the Notice of Removal. (*See* doc. 1 at 3, ¶8). It is clearly a typo. The notice states elsewhere that the removal is based on section 1441. (*See* doc. 1 at 1; dc. 1 at 4, ¶13).

to the United States Constitution," and claimed that they were "further entitled to recover under the United States Constitution and 42 U.S.C. § 1983." (Doc. 1-1 at 10-11). Thus, the amendment added a claim which "[arose] under the Constitution, laws, or treaties of the United States," creating original jurisdiction in this court. 28 U.S.C. § 1331. Since this Court has original jurisdiction over that claim, it was properly removable under 28 U.S.C. § 1441(a).

The Amended Complaint also sets out an inverse condemnation claim under state law. Because this Court has original jurisdiction over the Section 1983 claim, it has supplemental jurisdiction over the state law claim since it is "so related to claims in the action within such original jurisdiction [it forms] part of the same case or controversy under Article III." 28 U.S.C.A. § 1367(a). It too is removable under 28 U.S.C. § 1441(a). *See also*, § 1441(c)(1) (2).

In their Motion To Remand, the Plaintiffs cite to *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194–95, 105 S. Ct. 3108, 3120–21, 87 L. Ed. 2d 126 (1985) (doc. 8 at 2), a case in which the United States Supreme Court held that

> [a] taking claim is not yet ripe [if the Plaintiff] did not seek compensation through the procedures the State has provided for doing so. The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation. Nor does the Fifth Amendment require that just compensation be paid in advance of, or

contemporaneously with, the taking; all that is required is that a reasonable, certain and adequate provision for obtaining compensation exist at the time of the taking. . . . [I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation.

*Williamson*, 473 U.S. at 194–95 (internal citations and quotations omitted). Very recently, the Supreme Court refused to issue a writ of certiorari to reconsider this holding. *See, Arrigoni Enterprises, LLC v. Town of Durham, Conn.*, 136 S. Ct. 1409, 194 L. Ed. 2d 821 (2016).

It is strange that, at this stage, the Plaintiffs would note the lack of ripeness of the federal claim, which their amendment added to this case, and which caused its removal to be proper. That having been said, the Plaintiffs are correct.[2] On the face of the allegations in the Amended Complaint, the federal claim is not yet ripe. Accordingly, the Court will *sua sponte* **DISMISS** that claim **without prejudice**. Additionally, having dismissed all claims over which it has original jurisdiction, and given the stage of the proceedings, the Court declines to exercise supplemental jurisdiction over the remaining state law claim (28 U.S.C. § 1367(c)(3)). Accordingly, by separate Order, the Court will **REMAND** this case to the Circuit Court of Calhoun

---

[2] The Defendants do not dispute that the federal claim is not yet ripe. Indeed, they argue that the federal claim is based on "inapplicable federal laws." (Doc. 13 at 3). They also argue, correctly, that this situation is "a construct created by Plaintiffs' own actions." (Doc. 13 at 3).

3

County, Alabama.

**DONE** and **ORDERED** this 29th day of August, 2017.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge